# United States District Court

NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
v.
MARCEL BULLOCK

## WARRANT FOR ARREST

CASE NUMBER: 1:06M-28M

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest MARCEL BULLOCK
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment ☐ Information ■ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

**Unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, that is, the unlawful taking or obtaining of personal property, including cash and crack cocaine from the person or in the presence of another, against the person's will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to their persons or property**

in violation of Title 18 United States Code, Section(s) 1951(a)

HON. RANDOLPH F. TREECE
Name of Issuing Officer

UNITED STATES MAGISTRATE JUDGE
Title of Issuing Officer

[signature]
Signature of Issuing officer

MARCH 7 2006 AT ALBANY, NEW YORK
Date and Location

Bail fixed at $ ________ by ________
Name of Judicial Officer

| RETURN | | |
| --- | --- | --- |
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARCEL BULLOCK

CRIMINAL COMPLAINT

CASE NUMBER: 1:06M-28M

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November, 2001, in Rensselaer County in the Northern District of New York defendant(s) did,

(Track Statutory Language of Offense)

Unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, section 1951, and the movement of articles and commodities in such commerce, by robbery, that is, the unlawful taking or obtaining of personal property, including cash and crack cocaine from the person or in the presence of another, against the person's will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to their persons or property

in violation of Title 18 United States Code, Section(s) 1951(a) I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Official Title

Continued on the attached and made a part hereof. x Yes __ No

Signature of Complainant

Charles Kessler, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

March 3, 2006 at Albany, New York

Date City and State

RANDOLPH F. TREECE
United States Magistrate Judge - N.D.N.Y.
Name and Title of Judicial Officer

Signature of Judicial Officer

I am involved in the investigation of robberies of drug dealers which took place in Troy, New York in 2001.

I have learned that on December 3, 2001 Troy Police obtained a search warrant for the premises of 312 Second Street, First Floor, Troy, New York. The search warrant application was based in part on a controlled buy made by a Cooperating Individual ("CI") on November 26, 2001 from an individual the CI identified as "Radiator."

I also have learned that sometime before the execution of the search warrant referred to above, a robbery took place at 312 Second Street, First Floor. Two persons who were present at the time of the robbery have been interviewed, hereinafter designated W-1 and W-2. W-1 reported being a seller of crack cocaine. W-2 reported being addicted to crack cocaine.

W-1 stated that in the Winter of 2001, W-1 was present with several other people (including the person who is designated herein as W-2) in an apartment belonging to a person named Radiator, at 311 or 312 Second Street, Troy, New York, from which crack cocaine was sold. W-1 reported that on this occasion two big, stout, broad looking black men came in wearing masks and carrying guns, ordered everyone on the floor, and demanded money. W-1 reported that one of the perpetrators used a flashlight to strike an individual in the house. W-1 reported that the individuals took a cell phone

W-2 reported that W-2 was present at the house of Radiator when it was robbed. W-2 identified several persons who were present, including the person identified above as W-1, however, W-2 indicated that the robbery took place "about around 2000 something," and that the robbery took place "on Third Street at a friend of mine's named Eddie, known as Radiator." Despite these inconsistencies, I believe W-2 was describing the same robbery as W-1. W-2

reported that on this occasion a robbery took place during which a person wearing a mask came in, followed by a second person, and that they were looking for a large amount of crack, but it was gone by the time they got there. W-2 also reported that the two perpetrators took cell phones, a bit of money, and the crack cocaine which was on the table which wasn't much. W-2 further reported that the person who cooked the crack, MS, gave some to the people in the house for letting him use the house, and also left a little for Radiator to get rid of.

On March 13, 2005, I and John Riegert of the Troy Police Department interviewed Dolphus Pryor at the FBI Office in Albany, New York. Pryor signed a written statement in which he admitted going to Radiator's apartment with a person named "Malik - Marcel Bullock," that they had "sticks" a term I understood to refer to handguns, "we threatened them" and "asked where the shit was but they didn't have anything."

On March 16, 2006, I and John Riegert of the Troy Police Department interviewed Marcel Bullock at the Rhode Island State Police Station in Warwick, Rhode Island. Bullock signed a written statement in which he admitted going with Dolphus Pryor to commit a robbery at a house in South Troy a block or two down from where the Bridge/Canal was, where they believed persons from New York City were selling crack. Bullock stated that a person named Radiator was there, that Pryor had a handgun, that another individual used a flashlight to strike people in the house, and that they made off with "maybe $100 worth of crack cocaine altogether."

In my experience as a Special Agent with the FBI, I have learned that cocaine and crack cocaine are derived from the coca leaf, that the coca leaf does not grow in New York or in North America, but is grown in South America, principally Colombia, South America, that cocaine is

produced in South America and surreptitiously transported into the United States from South America, and that it therefore moves in interstate and foreign commerce.

Based on the foregoing, I submit that there is probable cause to believe that Marcel Bullock did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, section 1951, and the movement of articles and commodities in such commerce, by robbery, that is, the unlawful taking or obtaining of personal property, including cash, crack cocaine and other drugs, from the person or in the presence of another, against the person's will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to their persons or property, and that this complaint, and a warrant for Bullock's arrest, should issue.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MARCEL BULLOCK,

Defendant.

**SEALING ORDER**

06-

Now, on motion of the United States of America by its attorney, Glenn T. Suddaby, United States Attorney for the Northern District of New York, William C. Pericak, Assistant United States Attorney, of counsel, it is hereby

**ORDERED**, that the attached Criminal Complaint and this Sealing Order are hereby be sealed, and it is further

**ORDERED**, that this Sealing Order shall not be served on any party except the United States.

Dated: March 3, 2006,
Albany, New York

[signature]
HON. RANDOLPH F. TREECE
UNITED STATES MAGISTRATE JUDGE

* * *

The provision of the Order directing that a certain document be sealed is hereby vacated and said document shall be unsealed.

Dated:

HON. RANDOLPH F. TREECE
UNITED STATES MAGISTRATE JUDGE